**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**KAREN S. CHAUVIN, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                      **NO. 07-547**

**CHEVRON ORONITE COMPANY LLC, ET AL.**         **SECTION B(3)**

**ORDER AND REASONS**

Before the Court is Defendants Chevron Oronite Company LLC and Chevron USA Inc.'s ("Chevron") Motion To Dismiss Or, Alternatively, Motion For More Definite Statement.  (Rec. Doc. No. 15).  After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' motion to dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for more definite statement is **DENIED**.

*BACKGROUND*

Plaintiffs filed a Class Action Complaint seeking damages allegedly sustained when Defendants' Oak Point Plant in Belle Chase, Louisiana released toxic substances.

Defendants contend Plaintiffs failed to plead specific facts in support of their claim for relief under Rule 23 of the Federal Rules of Civil Procedure.  Defendants further contend that Plaintiffs failed to plead specific facts in support of individual claims.  Therefore, Defendants move the Court to dismiss Plaintiffs' claims pursuant to Rule 12(b)6 of the Federal Rules of

1

Civil Procedure.   Alternatively, Defendants move the Court to require Plaintiffs to amend their pleadings.

Plaintiffs in opposition contend Plaintiffs' Complaint fulfills all requirements for initial pleading pursuant to Rules 8 and 23 of the Federal Rules of Civil Procedure.

### *DISCUSSION*

**A.   Failure To State A Claim**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is disfavored and should not be granted unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).  In analyzing a 12(b)(6) motion, the  court must liberally construe the complaint in favor of the plaintiff and assume that all facts pleaded in the complaint are true.  *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 585 (5th Cir. 1999).  The issue is not whether the plaintiff will ultimately prevail, but "whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  *Id*. at 586 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 601 (1969)); *Doe v. Hillsboro Independent School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). Thus, a court should not dismiss a claim unless the plaintiff would not be entitled to relief under any set of facts or any possible

theory that he could prove consistent with the allegations in the complaint. *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

**1.    Rule 8(a) of the Federal Rules of Civil Procedure**

"Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that the plaintiff is entitled to relief.  Pursuant to Rule 8(a), a complaint will be deemed inadequate if it failed to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999)(citation omitted).

The Court finds Plaintiffs Complaint satisfies the general rules of pleading in accordance with Rule 8(a) of the Federal Rules of Civil Procedure.  Plaintiffs' Complaint contains a description of the specific occurrence giving rise to Plaintiffs' claims, asserts causes of action against Defendants, and categorizes damages sustained.

**2.    Rule 23 of the Federal Rules of Civil Procedure**

Defendants contend Plaintiffs Complaint fails to meet the specific standards of class action pleading under Rule 23 of the Federal Rules of Civil Procedure including the requirements of numerosity, commonality, typicality, predominance, and adequacy of representation and argue Plaintiffs' class action complaint should

3

be dismissed for Rule 23 deficiencies.  Contrary to Defendants'

arguments, the Fifth Circuit does not require Plaintiffs to prove

Rule 23 standards of class action pleading to survive a Rule 12

motion to dismiss.[1]  Accordingly,

     **IT IS ORDERED** that Defendants' motion to dismiss is **DENIED.**

     **IT IS FURTHER ORDERED** that Defendants' motion for more

definite statement is **DENIED.**

     New Orleans, Louisiana this 26th day of April, 2007.

                                                      UNITED STATES DISTRICT JUDGE

---

[1]Defendants cite *Floyd v. Bowen*, 833 F.2d 529 (5th Cir. 1988) in which the Fifth Circuit stated "Class action litigation may be halted by a Rule 12 motion to dismiss or by a Rule 56 motion for summary judgment."  In *Floyd*, the Fifth Circuit held summary judgment may be granted prior to ruling on class certification. *Id*. at 535.  This holding does not require the Court to dismiss a class action complaint for failing to prove Rule 23 requirements at the initial pleading stage.